IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| JOE TRAMPAS BENAVIDES, | § | |
|     Plaintiff, | § | |
| | § | |
| v. | § | No. 3:19-cv-01424-S-BT |
| | § | |
| FAITH JOHNSON, *et al.*, | § | |
|     Defendants. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

*Pro se* Plaintiff Joe Trampas Benavides, a Texas inmate, filed this civil action under 42 U.S.C. § 1983 on June 14, 2019 against his former attorney, various TDCJ employees, various criminal district judges, and others seeking injunctive relief and damages for, among other things, alleged violations of his due process rights and the *ex post facto* clause, and breach of a plea agreement. Benavides paid the filing fee on July 26, 2019, and on July 30, 2019, the Court reminded Benavides of his responsibility for serving Defendants and directed the Clerk of Court to send Benavides summons forms, a copy of Fed. R. Civ. P. 4, and a copy of Local Civil Rule 4.1. Order (ECF No. 10). The Court further ordered that Benavides would have ninety days from the date of the order—until October 28, 2019—to serve Defendants. *Id.* Benavides failed to file proof of timely service as required by Local Civil Rule 4.1. *See* Loc. Civ. R. 4.1 ("Proof of service or of waiver of service must be made by filing with the clerk the summons and any supporting documentation required or allowed by Fed. R. Civ. P. 4, or an executed waiver."). On

November 15, 2019, Defendants David Blackwell, Douglas Kim, Kendall Richerson, Denise Snively, and Pamela Thielke filed a Motion to Dismiss for insufficient service under Fed. R. Civ. P. 12(b)(5). Defs.' Mot. (ECF No. 13). Four days later, Defendant Judge Tracy Holmes filed a Motion to Dismiss on various grounds, including 28 U.S.C. § 1915(e)(2)(B), lack of standing, the *Rooker-Feldman* doctrine, judicial immunity, failure to state a claim, and limitations. Holmes Mot. (ECF No. 14). Benavides failed to respond to either motion. The Court therefore must consider the Motions without the benefit of any responses.

The Court should GRANT Holmes's Motion to Dismiss under § 1915(e)(2)(B). A district court may summarily dismiss a complaint filed by a prisoner if it concludes the action: (1) is frivolous or malicious; (2) fails to state a claim on which relief may be granted; or (3) seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B). This is true even when the prisoner pays the filing fee, as Benavides did here. *Id.*; *Grant v. Howell*, 235 F. App'x 326, 326 (5th Cir. 2007) (per curiam). Benavides seeks monetary damages from Judge Tracy Holmes, a state court judge who allegedly refused to correct Benavides's original sentence and judgment in Cause No. F99-21709-MW "by order if [sic] judgment 'nunc pro tunc' or enforce the original Plea Bargain Agreement/ Contract by 'Writ of Mandamus.'" Compl. 4A (ECF No. 3). But judges have absolute immunity for actions taken within the scope of their jurisdiction. *Stump v. Sparkman*, 435 U.S. 349, 355 (1978); *Mays v. Sudderth*, 97 F.3d 107, 110 (5th Cir. 1996). Because Benavides's claims against Holmes arise out of her

alleged role in adjudicating the criminal proceeding against him, Holmes is entitled to judicial immunity. Benavides's claims against Holmes should therefore be dismissed with prejudice under § 1915(e)(2)(B).[1]

The Court should also GRANT the Motion to Dismiss filed by Defendants Blackwell, Kim, Richerson, Snively, and Thielke for insufficient service under Fed. R. Civ. P. 12(b)(5). Benavides, as the plaintiff in this civil action, is responsible for having the summons and complaint timely served on all the defendants. *See* Fed. R. Civ. P. 4(c)(1). If Benavides does not properly serve the defendants, "the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time." Fed. R. Civ. P. 4(m). *See also, Thrasher v. City of Amarillo*, 709 F.3d 509, 514 (5th Cir. 2013). When service of process is challenged, "the serving party bears the burden of proving its validity or good cause for failure to effect timely service." *Sys. Signs Supplies v. U.S. Dep't of Justice*, 903 F.2d 1011, 1013 (5th Cir. 1990) (per curiam) (citations omitted). To establish good cause, a plaintiff must demonstrate "at least as much as would be required to show excusable neglect, as to which simple inadvertence or mistake of counsel or ignorance of the rules usually does not suffice." *Id.* (quoting *Winters v. Teledyne Movible Offshore, Inc.*, 776 F.2d 1304, 1306 (5th Cir. 1985)). Similarly, a plaintiff's *pro se* status does not excuse the failure to properly effect service of process. *Id.*

---

[1] This determination pretermits the need to address Holmes's remaining arguments.

Here, Benavides has failed to carry his burden of establishing that Blackwell, Kim, Richerson, Snively, or Thielke were validly served or that good cause exists for the failure to serve them. Benavides failed to file a return of service for any Defendant, and there is no evidence in the record that Benavides properly served Blackwell, Kim, Richerson, Snively, or Thielke. Instead, Defendants demonstrate that Benavides attempted to serve the summons and his Complaint on Defendants himself via FedEx, with no return receipt. Defs.' Ex. A (ECF No. 13-1). The Federal Rules of Civil Procedure require a summons and complaint to be served either in accordance with the law of the state where the district court is located or by personal service via an authorized process server. Fed. R. Civ. P. 4(c)(1)-(2), (e). Under Texas law, service may only be made by personal delivery or certified mail, return receipt requested. Tex. R. Civ. P. 106(a). Both the Federal and Texas Rules of Civil Procedure expressly forbid a plaintiff from personally effectuating service. Fed. R. Civ. P. 4(c)(2); Tex. R. Civ. P. 103. In addition, service by mail can only be accomplished by the U.S. Post Office, rather than a commercial delivery service such as FedEx. *See Prince v. Poulos*, 876 F.2d 30, 32 n.1 (5th Cir. 1989); *Arumugam v. William Marsh Rice Univ.*, 2014 WL 12599640, at *2 (S.D. Tex. Feb. 6, 2014). Because Benavides attempted to serve process on the defendants himself via FedEx, his attempt at service was invalid. Benavides has not filed a response in opposition to Defendants' motion and has failed to demonstrate good cause for his failure to properly serve Blackwell, Kim, Richerson, Snively, and Thielke. Benavides's claims against these defendants should therefore be dismissed without prejudice under Fed. R. Civ. P. 12(b)(5).

Finally, the Court should dismiss Benavides's claims against all the remaining defendants for failure to effect proper service. More than ninety days have passed since the Court's July 30, 2019 Order instructing Benavides of the timeline in which he must serve the defendants and file proof of service, and Benavides has not done so. Nor has he shown—or even attempted to show—good cause for his failure to serve the defendants. Accordingly, the Court should *sua sponte* dismiss Benavides claims against the remaining defendants, Lori Davis, Faith Johnson, Michael J. Todd, Travis Turner, Robert Kimbro, Jason Heaton, and the unknown John and Jane Does of TDCJ without prejudice. Fed. R. Civ. P. 4(m) ("If a defendant is not served within 90 days after the complaint is filed, the court—on motion *or on its own* after notice to the plaintiff—must dismiss the action without prejudice[.]") (emphasis added).

Accordingly, the Court should (1) GRANT Judge Tracy Holmes's Motion (ECF No. 14) and DISMISS Benavides's claims against Holmes with prejudice under § 1915(e)(2)(B); (2) GRANT Defendants Blackwell, Kim, Richerson, Snively, and Thielke's Motion (ECF No. 13) and DISMISS Benavides's claims against these defendants without prejudice under Fed. R. Civ. P. 12(b)(5); and (3) *sua sponte* DISMISS Benavides's claims against the remaining defendants without prejudice under Fed. R. Civ. P. 4(m) for failure to serve these defendants and to file proof of service. In view of this recommendation that all of Benavides's claims should be dismissed, Benavides's motion for a preliminary injunction (ECF No. 4) should be DENIED.

Signed January 6, 2020.

_____
REBECCA RUTHERFORD
UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).